**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

TONYA LAWSON,                                    *
                                                 *
                    Plaintiff,                   *
v.                                               *
                                                 *
CAROLYN W. COLVIN, Acting                        *        No. 2:16CV00057-JJV
Commissioner, Social Security                    *
Administration,                                  *
                                                 *
                    Defendant.                   *

## MEMORANDUM AND ORDER

Plaintiff, Tonya Lawson, has appealed the final decision of the Commissioner of the Social

Security Administration to deny her claim for supplemental security income.  Both parties have

submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is

supported by substantial evidence on the record as a whole and free of legal error.  *Slusser v. Astrue*,

557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42

U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept

as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v.

Chater*, 82 F.3d 254, 257 (8th Cir. 1996).  In assessing the substantiality of the evidence, a court

must consider evidence that detracts from the Commissioner's decision as well as evidence that

supports it; courts may not, however, reverse the Commissioner's decision merely because

substantial evidence would have supported an opposite decision.  *Sultan v. Barnhart*, 368 F.3d 857,

863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this

decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will

not be repeated in this opinion except as necessary.  After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

The Administrative Law Judge[1] (ALJ) found Ms. Lawson had not engaged in substantial gainful activity since March 15, 2013, and she had the following severe impairments: "status-post multiple knee surgeries, left total knee replacement, synovitis of the right foot."  (Tr. 16.)  However, the ALJ found Ms. Lawson did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 17.)

According to the ALJ, Ms. Lawson has the residual functional capacity to perform sedentary work.  (*Id.*)  The ALJ determined Plaintiff had no past relevant work (Tr. 19), so she utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite her limitations.  (Tr. 36-39.)  After considering the vocational expert's testimony, the ALJ determined Ms. Lawson could perform jobs that existed in significant numbers in the national economy, such as document preparer and election clerk.  (Tr. 19.)  Therefore, the ALJ concluded Ms. Lawson was not disabled.  (Tr. 20.)

In support of her Complaint, Plaintiff argues the ALJ erred in not finding she met listing 1.02 and 1.03 in 20 C.F.R. § 404(P), App. 1.  (Pl.'s Br. 6-10.)  To meet or equal a listing, Plaintiff must prove she met all of the specific medical criteria.  *Marciniak v. Shalala*, 49 F.3d 1350, 1353 (8th Cir. 1995).  The ALJ's opinion does not specifically address listing 1.03 (reconstructive surgery), but she

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) (2005).

[2]20 C.F.R. §§ 416.920(d), 416.925, and 416.926.

did conclude that Plaintiff's impairments did not meet listing 1.02 (major dysfunction of a joint). She stated, "No treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment of the Listing of Impairments. (Tr. 17.) The ALJ's opinion in this regard is supported by substantial evidence.

Additionally, as the Commissioner argues, Listings 1.02 and 1.03 require proof of inability to ambulate effectively. 20 C.F.R. § 404(P), App. 1, §§ 1.02 and 1.03. And Ms. Lawson has failed to prove this point. John R. Crockarell, Jr., M.D., stated, "She is ambulatory without assistive devices." (Tr. 254.) Dr. Crockarell's examination also fails to show a disabling knee impairment. (*Id.*) Treating physician Brian G. Dickson, M.D., also noted no disabling impairment and stated, "She walks without assistance." (Tr. 278.)

Undoubtedly Ms. Lawson suffers from some degree of pain and limitation as a result of her knee replacement. But there is little objective support in the record for Plaintiff's claim of *complete disability*. Her physicians never placed any significant or lasting restrictions on Plaintiff after recovery from surgery. This contradicts her allegations of a disabling impairment. *Robinson v. Sullivan*, 956 F.2d 836, 840 (8th Cir. 1992).

The critical inquiry is whether Plaintiff has presented sufficient evidence to support her claim of disability. A Social Security claimant bears the burden of proving disability, *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996), and she has not met this burden. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment ... results from anatomical, physiological, or psychological

abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The ALJ's determination that Ms. Lawson can perform sedentary work is supported by substantial evidence.

I also note that before determining a claimant's residual functional capacity, the ALJ first must evaluate the claimant's credibility. *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001). Plaintiff argues this credibility assessment was flawed. (Doc. No. 11 at 10-12.) The ALJ considered her subjective complaints and found them less than fully credible. (Tr. 17-18.) And I find no error in the ALJ's assessment. *See McGeorge v. Barnhart*, 321 F.3d 766, 768 (8th Cir. 2003) (holding ALJ's residual functional capacity determination supported by substantial evidence when claimant seldom sought treatment, no treating physician indicated she was permanently disabled, physical exams revealed good muscle strength and ranges of motion and she could perform many activities of daily living).

Plaintiff also asserts that the hypothetical questions, which were based on the residual functional capacity determination, were insufficient because those, too, did not include restrictions based on her subjective complaints. (Doc. No. 11 at 12-13.) The hypothetical questions posed to the vocational expert were proper. Substantial evidence supported the inclusion of certain impairments and the exclusion of others. *See Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir. 1993) (hypothetical may omit evidence not substantially supported by record as a whole); *Rappoport v. Sullivan*, 942 F.2d 1320, 1323 (8th Cir. 1991) (hypothetical question need only include impairments accepted by ALJ as true).

While there is evidence to support Ms. Lawson's claims, it is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings. The test is whether there

is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

Plaintiff has advanced other arguments that I have considered and find to be without merit. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final decision of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 30th day of September, 2016.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE